IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRI NICHOLSON ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | |
| v. ) | COMPLAINT |
| ) | |
| WEST PENN ALLEGHENY HEALTH SYSTEM ) | Electronically Filed |
| ) | |
| Defendant. ) | JURY TRIAL DEMANDED |

**COMPLAINT**

**NATURE OF THE ACTION, JURISDICTION AND VENUE**

1.  This is an individual action under the Rehabilitation Act of 1973 (Rehab Act), as amended (29 U.S.C. §791 et seq.), and the Family and Medical Leave Act of 1993, as amended ("FMLA," or the "Act") (29 U.S.C. §§2601-2654), to correct unlawful employment practices and to make whole Plaintiff.

2.  Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Rehab Act and the FMLA.

3.  The actions and policies alleged to be unlawful were committed in and around Pittsburgh, Pennsylvania, where Defendant has operations, and where Plaintiff worked and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania, and the venue is proper.

## PARTIES

4.  Plaintiff Terri Nicholson (hereinafter referred to as "Plaintiff" or "Nicholson"), has resided at all relevant times at 840 Shadyside Drive, West Mifflin, PA 15122. Plaintiff was employed by West Penn Allegheny Health System (hereinafter referred to as "Defendant," or "WPAHS") from 1988 until on or about March 13, 2006.

5.  At all relevant times, Defendant WPAHS, a Pennsylvania non-profit corporation, has had its business headquarters at Allegheny General Hospital at 320 East North Avenue, Pittsburgh, PA 15212. Plaintiff worked at Defendant's Allegheny Neurology Associates which is also located at 320 East North Avenue, Pittsburgh, PA 15212.

6.  At all relevant times, Defendant has been subject to the Rehab Act and the FMLA.

7.  Plaintiff was an eligible employee under the FMLA: she worked in excess of 1,250 hours in the rolling calendar year prior to commencement of a medical leave in February 2006; and she suffered from a serious health condition that prevented her from performing the functions of her position while she was on leave.

## BACKGROUND AND STATEMENT OF CLAIMS

8.  Plaintiff is a female, age 43 (D.O.B.: 11/04/62).

9.  Plaintiff was employed by Defendant as a Registered Nurse (RN). She worked for Defendant's Allegheny Neurology Associates, one of Defendant's speciality practices, in a <u>non-clinical</u> position.

10. Plaintiff was paid an annual salary of $54,000.00, plus benefits.

11. Plaintiff suffers from depression and Post Traumatic Stress Disorder (PTSD).

12. These conditions developed following an incident in January 2005 when she was the victim of a violent crime.

13. Plaintiff's condition substantially impairs her ability to perform major life activities (sleeping; recreating; socializing; working) as compared to the average person.

14. Plaintiff has been treated for this condition by a therapist and psychiatrist.

15. Plaintiff takes medication because of this condition.

16. Despite the medication, this condition still significantly limits Plaintiff.

17. This condition is a substantial impairment within the meaning of the Act.

18. Plaintiff has a history of such a substantial impairment within the meaning of the Act.

19. Plaintiff has been regarded by Defendant as having such a substantial impairment within the meaning of the Act.

20. Defendant has been aware of Plaintiff's condition, and of the violent crime that precipitated the condition, since at least February 2005.

21. Notwithstanding her substantial impairment, Plaintiff can perform the essential functions of her job as a Registered Nurse (non-clinical) either with or without an accommodation.

22. The primary accommodation required and requested by Plaintiff was that she be able to take time off to treat acute episodes.

23. This accommodation did not create an undue hardship for Defendant.

24. This time was approved under the FMLA.

25. Plaintiff was required to take medical leave for such an episode in April 2005.

26. In addition to treatment of the underlying depression and post traumatic stress Plaintiff also treated for one of the manifestations of these conditions, namely, alcohol use.

27. As a condition for Plaintiff to return to work, which she did in or about June 2005, Plaintiff had to agree to a Last Chance Agreement regarding the use of alcohol.

28. Plaintiff only agreed to this because it was the only opportunity to return to work.

29. The unfortunate and inaccurate presumption made by Defendant in the Last Chance Agreement, and in Defendant's response to Plaintiff's need for medical leave, was that Plaintiff was an alcoholic.

30. Plaintiff has not been diagnosed with alcoholism and is not an alcoholic.

31.     Plaintiff returned to work in June 2005 and continued to work until on or about February 10, 2006.

32.     Plaintiff then required, and requested, another medical leave for treatment of an acute episode.

33.     During the time she was on medical leave Plaintiff was accused of having abused alcohol prior to the commencement of her medical leave.

34.     This was a false accusation.

35.     Nevertheless, Defendant used the accusation as an opportunity to contend Plaintiff had violated her Last Chance Agreement and, therefore, terminate Plaintiff.

36.     Plaintiff was terminated on or about March 13, 2006, for allegedly violating the Last Chance Agreement.

37.     The termination was unwarranted and was a mere contrivance in order to retaliate against Plaintiff for her having sought an accommodation, for having taken time off for treatment and for the limitations resulting from her disability.

38.     The false reason given for the termination was a mere pretext for interfering with Plaintiff's rights under the FMLA and retaliation against her for exercising these rights.

39.     There was no business justification for the action.  To the contrary, Plaintiff was fully capable of continuing to perform the essential functions of her job and, from a business

standpoint, was the best choice for the continued performance of these duties.

40. Plaintiff has suffered lost income, significant emotional distress as a result of the termination and has and will continue to suffer irreparable harm to her reputation - and her ability to earn a living as a RN - because of Defendant's illegal actions.

### COUNT I: DISABILITY DISCRIMINATION (REHAB ACT) - DISCRIMINATORY DISCHARGE

41. Plaintiff hereby incorporates Paragraphs 1 through 40 of her Complaint as though the same were more fully set forth at length herein.

42. Plaintiff is a qualified individual with a disability.

43. Defendant terminated Plaintiff on pretextual grounds.

44. The real reason for Plaintiff's termination was her disability status, and Defendant's prejudice against individuals with disabilities and its desire not to have to accommodate Plaintiff's disabilities.

45. Defendant knew its actions against Plaintiff were in violation of the Rehab Act.

46. Plaintiff has suffered tangible and intangible losses resulting from Defendant's violation of the law.

47. Plaintiff is entitled to lost wages and benefits unlawfully denied, interest and other appropriate relief, including reinstatement.

**COUNT II: FMLA VIOLATION**

48. Plaintiff hereby incorporates by reference herein Paragraphs 1 through 47 of her Complaint as though the same were more fully set forth within.

49. Defendant terminated Plaintiff because of her medical condition, her taking medical leave under the FMLA and the desire not to have to allow Plaintiff to take leave as required.

50. There was no bona fide business reason for the termination: her position as an RN still existed; work was available that Plaintiff was qualified to perform; and, Plaintiff was the best available candidate for the position.

51. Defendant's actions were in violation of the FMLA.

52. Defendant's violation of the law was knowing and willful.

53. Plaintiff is seeking reinstatement, lost wages, liquidated damages and attorney's fees and costs.

**PRAYER FOR RELIEF**

54. WHEREFORE, Plaintiff respectfully requests that this Court:

   A. Grant a permanent injunction enjoining Defendant, its officers, successors, and assigns and all persons in active concert or participation with it from engaging in any employment practice which prevents individuals from exercising their rights under the Rehab Act and the FMLA.

B. Order Defendant and each of its agents and officers to institute and carry out policies, procedures and practices which eradicate the effects of its past and present unlawful practices.

C. Order Defendant to make whole Plaintiff by reinstating Plaintiff and by paying appropriate back pay, plus liquidated damages, with prejudgment interest, in amounts to be proven at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment actions and practices, including but not limited to reinstatement.

D. Order Defendant to pay the costs and reasonable attorney's fees incurred by Plaintiff.

E. Grant such further relief as the Court deems necessary and proper.

Respectfully submitted,

 s/Joseph H. Chivers
Joseph H. Chivers, Esquire
PA ID No. 39184
Suite 600, 312 Boulevard of the Allies
Pittsburgh, PA 15222-1923
jchivers@employmentrightsgroup.com
(412) 281-1110
(412) 281-8481 FAX

Counsel for Plaintiff
Terri Nicholson

DATE: June 20, 2006