IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TERRI NICHOLSON,                      )
                                      )
                Plaintiff,            )
                                      )
                                      )
                                      )
        v.                            )     Civil Action No. 06-0814
                                      )
WEST PENN ALLEGHENY HEALTH            )
SYSTEM,                               )
                                      )
                Defendant.            )

## MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                           October 22, 2007

    This is an action in employment discrimination. Plaintiff, Terri Nicholson, alleges that defendant, West Penn Allegheny Health System ("West Penn"), discriminated against her due to her disability, post-traumatic stress disorder, and failed to provide a reasonable accommodation in violation of the Rehabilitation Act, 29 U.S.C. § 791, et. seq. ("Rehabilitation Act"). Plaintiff also alleges that defendant violated the Family Medical Leave Act, 29 U.S.C. § 2601, et. seq. ("FMLA"), but has stipulated to the dismissal of the FMLA claim. Plaintiff seeks monetary damages and certain equitable relief.

    Defendant has filed a motion for summary judgment [Doc. No. 14] arguing that it is not a proper party to this action because it was not plaintiff's employer. Plaintiff contends that this oversight is easily remedied by an amended complaint. Regardless

of whether plaintiff amends the complaint to name her actual employer, defendant argues that plaintiff cannot establish a prima facie case under the Rehabilitation Act because she is not a qualified individual with a disability.

Plaintiff has filed a motion for partial summary judgment [Doc. No. 16].  Plaintiff argues that the Last Chance Agreement is a per se violation of the Rehabilitation Act because it relieved defendant of its duty to accommodate plaintiff.

For the reasons set forth below, defendant's motion is granted and plaintiff's motion is denied.

I.    BACKGROUND

Unless otherwise indicated, the facts set forth below are undisputed.

Plaintiff was employed at Allegheny Specialty Practice Network, a corporation affiliated with Allegheny General Hospital.  Defendant, West Penn, is a network of affiliated hospitals, which includes, inter alia, Allegheny General Hospital.  West Penn has no employees and is an organization comprised of many different corporations, including Allegheny Specialty Practice Network.

Plaintiff is a registered nurse.  She worked in a non-clinical position at Allegheny Neurology Associates, a private practice within Allegheny Specialty Practice Network.  Her duties

2

included handling incoming patient calls, scheduling procedures, monitoring test results, and calling in prescriptions to pharmacies.     She also assisted patients with chemotherapy instructions and performed certain injections related to the neurology practice.  She worked primarily for Dr. Lara Kunschner and Dr. Patricia Josefczyk.  Noreen Williams acted as plaintiff's supervisor at Allegheny Neurology Associates.

    In January of 2005, plaintiff was the victim of a violent crime.    Following this incident, she developed post-traumatic stress disorder ("PTSD") and depression.  She has been treated and takes medications for these conditions.    Plaintiff also abused alcohol in an attempt to cope with her emotions regarding the incident.   In addition to obtaining treatment for PTSD and depression, she has also been treated for alcohol abuse.  Despite medication and treatment, plaintiff contends that she suffered acute episodes that required her to take time off work.

    Plaintiff informed Dr. Kunschner about the incident but did not tell any of her other co-workers.    Dr. Kunschner was supportive and allowed plaintiff to stay at her home with her. In and around February and March of 2005, plaintiff would go to Dr. Kunschner's home intoxicated.    In April of 2005, Dr. Kunschner advised plaintiff that she could no longer come to her home if she had been drinking and suggested that plaintiff seek treatment.  Dr. Kunschner contacted Allegheny General Hospital's

3

Human Resources Department to assist plaintiff in obtaining treatment. Joanne Menzer of the Human Resources Department, Dr. Kunschner, and Noreen Williams also raised patient safety concerns with plaintiff.

As a result of her PTSD, plaintiff testified that she experienced "flashbacks" and had "intrusive" or "overpowering" thoughts regarding the incident. Plaintiff also testified that she did not feel "sharp" and was distracted at work. Ms. Williams testified that plaintiff had slurred speech, would stare into her computer, and appeared "dazed" and "groggy" at work. Plaintiff sought medical leave under the FMLA, which she took as needed, beginning in April 2005 and continuing through March 2006. All of plaintiff's requests for leave under the FMLA were granted.

In June of 2005, while she was on an extended medical leave to obtain treatment, plaintiff met with the Human Resources Department and her supervisor to discuss her return to work. Plaintiff signed a Last Chance Agreement which stated that her employment could be terminated if she did not comply with the Agreement's terms, one of which was that she refrain from consuming any alcohol.

Following her return to work, plaintiff requested and was again approved for intermittent medical leave under the FMLA from November 2005 through January 2006. This period was extended

through September 2006.  On February 10, 2006, plaintiff left work for an appointment with her psychiatrist. After leaving her appointment, plaintiff consumed alcohol. She called a co-worker while under the influence of alcohol.  Later that evening, plaintiff was admitted to Sewickley Valley Hospital and took additional medical leave.  In March of 2006, plaintiff again met with Joanne Menzer who informed her that her employment was terminated because she violated the Last Chance Agreement.

## II.   STANDARD OF REVIEW

Fed.R.Civ.P. 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986) (internal quotation marks omitted). Similarly, summary judgment is improper so long as the dispute over the material facts is genuine.  Id.  In determining whether the dispute is genuine, the court's function is not to weigh the

evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. Id. at 248-49.

To demonstrate entitlement to summary judgment, defendants, as the moving parties, are not required to refute the essential elements of the plaintiff's cause of action. Defendants need only point out the absence or insufficiency of plaintiff's evidence offered in support of those essential elements. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Once that burden has been met, plaintiff must identify affirmative evidence of record that supports each essential element of his cause of action. If plaintiff fails to provide such evidence, then he is not entitled to a trial, and defendants are entitled to summary judgment as a matter of law.

It is on this standard that the court has reviewed the instant motions for summary judgment and the responses thereto. Based on the pleadings and evidence of record, and the briefs filed in support and opposition thereto, the court concludes, as a matter of law, that plaintiff was not disabled, nor did her employer regard her as disabled. Accordingly, the court will grant defendant's motion for summary judgment. Because the Last Chance Agreement is not a per se violation of the Rehabilitation

6

Act, Plaintiff's partial motion for summary judgment is denied.

### III.   <u>DISCUSSION</u>

Plaintiff argues that she is "disabled" as defined by the Rehabilitation Act because her impairments - PTSD and depression - substantially limit her in major life activities such as sleeping, recreating, socializing, and working.   Plaintiff alleges discriminatory discharge and failure to provide a reasonable accommodation based on her "disability" in violation of the Rehabilitation Act.

Defendant argues that plaintiff has not established that she is disabled under the Rehabilitation Act.   Further, defendant argues that the violation of the Last Chance Agreement was a legitimate, non-discriminatory reason for plaintiff's discharge. Thus, defendant argues, plaintiff is not protected by the Rehabilitation Act.[1]

Plaintiff argues in her motion for partial summary judgment that the Last Chance Agreement is a <u>per</u> <u>se</u> violation of the Rehabilitation Act because it relieved defendant of its duty to accommodate plaintiff.   Defendant contends that the Last Chance Agreement was both a reasonable accommodation and a

---

[1]

Because the parties have stipulated to the dismissal of Count II regarding a violation of the FMLA, we need not address that claim.

7

legitimate, non-discriminatory response to plaintiff's behavior. Defendant further argues that it granted plaintiff every accommodation she requested. For the reasons set forth below, defendant's motion is granted and plaintiff's motion is denied.

### A.   Plaintiff's Employer

As an initial matter, defendant contends that summary judgment is appropriate because it was not plaintiff's employer and, as such, it cannot be liable for purposes of the Rehabilitation Act. Rather, Allegheny Specialty Practice Network employed plaintiff and is the proper party to this action. Plaintiff argues that she is entitled to amend her complaint to name Allegheny Specialty Practice Network.

Although Fed.R.Civ.P. 15(c)(3) may permit such an amendment in this case, the formality of an amended complaint is unnecessary. As set forth below, plaintiff has not established a prima facie case under the Rehabilitation Act to proceed against any party. Therefore, amendment would be futile and is not required. Hill v. City of Scranton, 411 F.3d 118, 134 (3d Cir. 2005).

### B.   Rehabilitation Act

Under the Rehabilitation Act, employers receiving federal

8

funding[2] may not discriminate against persons with disabilities in matters of hiring, placement, or advancement.  Shiring v. Runyon, 90 F.3d 827, 830-31 (3d Cir. 1996).  To set forth a prima facie case of discrimination under the Rehabilitation Act, plaintiff must establish that: (1) she has a "disability"; (2) she is a "qualified individual"; and (3) she has suffered an adverse employment action because of that disability.  Buskirk v. Apollo Metals, 307 F.3d 160, 166 (3d Cir. 2002) (citing Gaul v. Lucent Techs. Inc., 134 F.3d 576, 580 (3d Cir. 1998)).[3]

### 1.    Disability

Under the Rehabilitation Act, an "individual with a disability" is any person who:

> (i) has a physical or mental impairment that substantially limits one or more of such person's major life activities;
>
> (ii) has a record of such an impairment; or

---

[2]

It is undisputed that Allegheny Specialty Practice Network receives federal financial assistance in the form of Medicare and Medicaid payments.

[3]

Both the Americans with Disabilities Act ("ADA") and the Rehabilitation Act apply the same standards to disability claims, and therefore a claim under the Rehabilitation Act is analyzed under the same framework as a claim under the ADA.  Donahue v. Consol. Rail Corp., 224 F.3d 226, 229 (3d Cir. 2000); see also 29 U.S.C. § 794(d).

(iii) is regarded as having such an impairment.

29 U.S.C. § 705(20)(B).  Here, defendant disputes that plaintiff has established this threshold test of disability.  The court agrees.

i.  Substantial Limitation of a Major Life Activity

To qualify as disabled, a plaintiff must initially prove that he or she has a physical or mental impairment.  Toyota Motor Mfg., Ky., Inc. v. Williams, 534 U.S. 184, 194 (2002).  Merely having an impairment, however, does not make one disabled for purposes of the law.  Id. at 195.

Rather, plaintiffs "also need to demonstrate that the impairment limits a major life activity."  Id.  The regulations promulgated pursuant to the Rehabilitation Act provide a list of examples of "major life activities," including:  caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.  45 C.F.R. § 84.3(j)(2)(ii).  To prove disability, a plaintiff "must further show that the limitation on the major life activity is 'substantia[l].'"  Toyota, 534 U.S. at 195 (quoting 42 U.S.C. § 12102 (2)(A)) (alteration in original).

Although the term "substantially limited" is not defined in the Rehabilitation Act, the regulations of the Equal Employment Opportunity Commission ("EEOC") implementing the ADA provide guidance on the meaning of this term.  Id. at 193.  The word

10

"substantial" "clearly precludes impairments that interfere in only a minor way with performance of [a major life activity] from qualifying as disabilities." Id. at 197; see also Albertson's, Inc. v. Kirkingburg, 527 U.S. 555, 565 (1999) (explaining that a "mere difference" does not amount to a "significant restric[tion]" on a major life activity). Moreover, the phrase "major life activities" refers only "to those activities that are of central importance to daily life." Toyota, 534 U.S. at 185. As the Supreme Court has explained, congressional intent dictates that "these terms need to be interpreted strictly to create a demanding standard for qualifying as disabled." Id. at 197. Therefore, to be substantially limited in a major life activity:

> an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives. The impairment's impact must also be permanent or long-term.

Id. at 198 (citing 29 C.F.R. § 1630.2(j)(2)(ii)-(iii)). Thus, a temporary limitation in a major life activity is not a substantial limitation. See, e.g., McDonald v. Commonwealth of Pa., Dep't of Pub. Welfare, Polk Ctr., 62 F.3d 92, 96 (3d Cir. 1995) (affirming summary judgment where plaintiff's limitation was the inability to work for several weeks following surgery).

Moreover, with respect to the major life activity of working, the term "substantially limits" means:

> significantly restricted in the ability to

11

> perform either a class of jobs or a broad
> range of jobs ... [t]he inability to perform
> a single, particular job does not constitute
> a substantial limitation in the major life
> activity of working.

29 C.F.R. § 1630.2(j)(3)(i). A plaintiff attempting to establish

disability on the basis of substantial limitation in the major

life activity of working must, at minimum, allege that he or she

is unable to work in a broad class of jobs. Tice v. Centre Area

Transp. Auth., 247 F.3d 506, 512 (3d Cir. 2001)(citations and

internal quotations omitted).

In sum, courts must determine whether an individual has a

disability on a case-by-case basis. Sutton v. United Air Lines,

Inc., 527 U.S. 471, 483 (1999). Thus,

> [i]t is insufficient for individuals
> attempting to prove disability status under
> this test to merely submit evidence of a
> medical diagnosis of an impairment.
> Instead, [plaintiffs must] "prove a
> disability by offering evidence that the
> extent of the limitation [caused by their
> impairment] in terms of their own experience
> . . . is substantial."

Toyota, 534 U.S. at 198 (quoting Albertson's, Inc. v .

Kirkingburg, 527 U.S. 555, 567 (1999)) (second and third

alterations in original).

Here, it is undisputed that plaintiff suffers from PTSD and

depression. Plaintiff also claims that these conditions caused

her to abuse alcohol. However, merely having a physical or

mental impairment does not make one disabled. Plaintiff must

12

also demonstrate that her PTSD, depression, and the associated use of alcohol substantially limited some major life activity. However, the record does not indicate how or to what extent plaintiff was substantially limited in any major life activity. The only evidence regarding plaintiff's symptoms is her testimony that she was distracted at work, suffered flashbacks and had "intrusive thoughts." Plaintiff has offered no medical evaluations to provide any details as to her limitations that would render her "disabled." Although it is undisputed that plaintiff suffered adverse consequences from a traumatic incident, she has not presented any evidence that the symptoms of her PTSD, depression, or alcohol abuse substantially restricted her from major life activities such as sleeping, caring for herself, speaking, or performing manual tasks.

Further, the evidence is equally deficient that plaintiff was substantially limited in the major life activity of working. Plaintiff simply contends that she was incapable of working unless she obtained time off to treat acute episodes, and "[b]y any reasonable standard this represents a substantial impairment." [Doc. No. 21 at p. 10]. However, the regulations make clear that plaintiff's inability "to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." See 29 C.F.R. § 1630.2(j)(3)(i). Plaintiff has presented no evidence that she

13

was significantly restricted in her ability to perform either a class of jobs or a broad range of jobs.  See, e.g., Tice, 247 F.3d at 512;  Andreoli v. Gates, 482 F.3d 641, 652 (3d Cir. 2007)(affirming summary judgment in favor of defendant where plaintiff suffering from PTSD and depression failed to offer evidence that she was precluded from engaging in broad class of jobs).

The fact that plaintiff was entitled to and received intermittent and extended medical leave under the FMLA also fails to establish that she was substantially limited in the major life activity of working.  The standard for receiving FMLA leave is different than the standard for whether a person is "disabled" within the meaning of the Rehabilitation Act.  See, e.g., 29 C.F.R. § 825.702(b) (FMLA's "serious health condition" and ADA's "disability" are different concepts); see also Andreoli, 482 F.3d at 651 (rejecting argument that receipt of worker's compensation benefits is evidence that plaintiff suffering from PTSD and depression was disabled because of differing legal standards).

Plaintiff has failed to provide a single document or record supporting her contention that she was substantially limited in the major life activity of working.  Moreover, plaintiff testified at her deposition that she now works full-time as a registered nurse on a medical surgical unit at Jefferson Regional Medical Center.  The fact that she is working twelve-hour shifts

14

as a nurse in a medical surgical unit after she allegedly became disabled further undermines her contention that she is substantially limited in the major life activity of working.

Viewing the evidence in the light most favorable to plaintiff, a reasonable jury could not find that plaintiff is disabled.  She has failed to establish that her impairments substantially limited her ability to sleep, care for herself, speak, hear, or perform manual tasks.  Further, plaintiff has failed to show that she was substantially limited in the major life activity of working.  Thus, plaintiff has failed to offer evidence that she is disabled as defined by the Rehabilitation Act.

        ii.   Record of Impairment

Plaintiff has also failed to raise a genuine issue of material fact regarding the existence of a record of impairment. A record of an impairment means the plaintiff must demonstrate a history of a mental or physical impairment that substantially limits one or more major life activities.    See 45 C.F.R. § 84.3(j)(2)(iii);  Howell v. Sam's Club N. 8160/Wal-Mart,  959 F.Supp. 260, 267-68 (E.D. Pa. 1997).  As stated above, the court finds no genuine issue of material fact that plaintiff is substantially limited in any major life activity.

Plaintiff seemingly relies here on various periods of FMLA leave taken between February 2005 and March 2006 to establish a

15

history or record of impairment.    However, as stated above,

plaintiff cannot rely on her entitlement to leave for a "serious

health condition" under the FMLA to affirmatively establish a

"disability" under the Rehabilitation Act.    29 C.F.R. §

825.702(b); see also Howell, 959 F.Supp. at 267-68 (disability

determination by Veterans' Administration did not establish

record of impairment).   Accordingly, plaintiff has not raised a

genuine issue of material fact regarding the existence of a

record of impairment.

### iii.   "Regarded As" Disabled

Plaintiff alternatively contends that, even if she is not

actually disabled, defendant "regarded" her as disabled in

violation of the Rehabilitation Act.    The court of appeals has

held that a person is "regarded as" disabled if the person:

> (1) Has a physical or mental impairment
> that does not substantially limit major life
> activities  but  that  is  treated  by  a
> recipient as constituting such a limitation;

> (2) Has a physical or mental impairment
> that  substantially  limits  major  life
> activities only as a result of the attitudes
> of others toward such impairment; or

> (3)  Has  [no  such  impairment]  but  is
> treated by a recipient as having such an
> impairment.

45 C.F.R. § 84.3(j)(2)(iv); See, e.g., Taylor v. Pathmark Stores,

Inc., 177 F.3d 180, 187 (3d Cir. 1999) (interpreting similar

provision of ADA).  To be covered under the "regarded as" prong of the definition of "disability," the employer must "regard[ ] the employee to be suffering from an impairment within the meaning of the statutes, not just that the employer believed the employee to be somehow disabled."  Rinehimer v. Cemcolift, Inc., 292 F.3d 375, 381 (3d Cir. 2002)

Further, that an employer is aware of an impairment "is insufficient to demonstrate either that the employer regarded the employee as disabled or that that perception caused the adverse employment action."  Kelly v. Drexel Univ., 94 F.3d 102, 109 (3d Cir. 1996).  For instance, in Johnson v. Boardman Petroleum, Inc., 923 F. Supp. 1563, 1568 (S.D. Ga. 1996), the plaintiff claimed that the defendant regarded her as disabled because the defendant suggested that she take time off from work to seek professional help for her emotional problems and required a doctor's release before permitting her to return to work.  The court granted the defendant's motion for summary judgment, finding that the defendant did not regard the plaintiff as disabled.  The court stated:

> [the defendant's] grant of a leave of absence [to plaintiff] and suggestion to seek help if required was a humanitarian gesture ... . This suit flies in the face of the policy concerns underlying the ADA because it encourages employers to dehumanize their relationships with their employees for fear that showing concern for ... [their employees] would land them in court facing a discrimination claim based on

17

a perceived ... disability.

Johnson, 923 F. Supp. at 1568-69.

Finally, in "regarded as" cases, plaintiff must also establish that defendant believed she was limited in her ability to work in "either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." Sutton, 527 U.S. at 491 (quoting 29 C.F.R. § 1630.2(j)(3)(i)). Therefore, "to be regarded as substantially limited in the major life activity of working, one must be regarded as precluded from more than a particular job." See Murphy v. United Parcel Serv., Inc., 527 U.S. 516, 523 (1999).

Here, plaintiff contends that she "has been regarded by defendant as having such a substantial impairment within the meaning of the [Rehabilitation] Act." Plaintiff seems to make two arguments in support of this contention. First, plaintiff contends that because her employer was aware of her FMLA leave to treat her PTSD, depression, and alcohol abuse, she was regarded as substantially restricted in the major life activity of working. Second, plaintiff contends that her employer regarded her as an "alcoholic," even though she was not one. Both arguments fail.

To prove she was "regarded as" substantially limited in the major life activity of working, plaintiff must allege more than

18

that her employer was aware of a serious health condition which
entitled plaintiff to FMLA leave.[4]  Defendant's granting of the
requested FMLA leave and defendant's suggestions to seek
assistance do not establish a genuine issue of fact that
defendant regarded plaintiff as disabled.   See, e.g., Ellis v.
Mohenis Servs., Inc., No. 96-6307, 1998 WL 564478, at *5 (E.D.
Pa. Aug. 24, 1998) ("[w]hether the defendants believed the
plaintiff was eligible for FMLA leave, or believed the taking of
such leave was proper under the circumstances, does not
demonstrate that they regarded him as disabled" because "an
employee who has a 'serious health condition' for purposes of the
FMLA is not necessarily 'disabled' under the ADA.").

Further, prior to her ultimate termination for violating
the Last Chance Agreement, defendant allowed plaintiff to return
to the same position she occupied each time she returned from
FMLA leave.  No reasonable jury could conclude that an employer
who repeatedly allowed an employee to return to work after FMLA
leave regarded that employee as substantially limited in the
major life activity of working.  Rather, defendant clearly
considered plaintiff qualified and capable of performing her job.

---

[4]

See Robinson v. Lockheed Martin Corp., 212 Fed.Appx.
121, 125-26 (3d Cir. 2007)(citing with approval 29 C.F.R. §
825.702(b) and Vincent v. Wells Fargo Guard Servs., Inc. of
Fla., 3 F.Supp.2d 1405, 1420 (S.D. Fla. 1998)).

19

There is no evidence that defendant regarded plaintiff as "precluded from more than a particular job" because she took FMLA leave. See Murphy, 527 U.S. at 523.

Plaintiff's second argument fares no better. Although plaintiff contends that she is not an actual alcoholic, she alleges that defendant regarded her as one. Indeed, it is undisputed that plaintiff went to the home of Dr. Kunschner while intoxicated, that she obtained treatment for alcohol abuse while on FMLA leave, and that her alcohol abuse resulted in hospitalization in February of 2006.

Even assuming, however, defendant regarded her as an alcoholic, plaintiff cannot satisfy the "regarded as" prong because it is undisputed that she was terminated for using alcohol. Alcoholics who are current users of alcohol are excluded from the definition of an "individual with a disability" under the Rehabilitation Act:

> (v) Employment; exclusion of alcoholics
>
> For purposes of sections 793 and 794 of this title as such sections relate to employment, the term "individual with a disability" does not include any individual who is an alcoholic whose current use of alcohol prevents such individual from performing the duties of the job in question or whose employment, by reason of such current alcohol abuse, would constitute a direct threat to property or the safety of others.

29 U.S.C. § 705(20)(c)(v); See Golson-El v. Runyon, 812 F. Supp.

20

558 (E.D. Pa. 1993).  The term "current use" is not limited to the day of use, or recent weeks or days, in terms of an employment action.  Salley v. Circuit City Stores, Inc., 160 F.3d 977, 980 n.2 (3d Cir. 1998)(citations omitted).  The issue of "current use" is determined on a case-by-case basis.        Id. (finding no case in which a three-week period of abstinence has been considered long enough to take an employee out of the status of "current" user).

Plaintiff does not dispute that her employment was terminated "specifically because she had consumed alcohol in violation of the Last Chance Agreement" on February 10, 2006. [Doc. No. 21, p. 7].  Her employer terminated her on March 16, 2006, approximately three weeks after her admitted alcohol use, which resulted in her hospitalization.  Plaintiff also testified that her employer raised certain patient safety concerns with her.  Accordingly, plaintiff cannot establish that her employer regarded her as disabled when she admitted to using alcohol and the record reflects that her employer raised patient safety concerns.  The conduct falls within the specific exclusion for current use of alcohol which poses a direct threat to the safety of others.

In sum, reviewing the record in the light most favorable to plaintiff, summary judgment is appropriate because plaintiff has failed to present any genuine issue of material fact that her

21

employer regarded her as disabled.[5]

### E.   Reasonable Accommodation

Plaintiff also argues that defendant denied her a reasonable accommodation.  This claim also fails and summary judgment is appropriate.

To establish a prima facie case of disability discrimination for failure to accommodate, plaintiff must also demonstrate, as a threshold matter, that she has a disability as defined by the statute.  Donahue, 224 F.3d at 229.  As outlined in detail above, plaintiff has failed to establish that she has a disability, either actual or perceived, for defendant to accommodate.

Assuming, arguendo, that plaintiff did present record evidence of a disability, defendant is still entitled to summary judgment.  The primary accommodation plaintiff sought was the ability to take time off to treat acute episodes.  As stated above, it is undisputed that plaintiff was given that accommodation.  All of plaintiff's requests for FMLA leave were granted.  Plaintiff offers no evidence regarding other reasonable accommodations that defendant could have or should have offered

---

[5]

Because plaintiff has failed to establish the threshold requirement that she is "disabled," as defined by the Rehabilitation Act, we need not address the second and third elements of a prima facie claim of discrimination.

22

to her.

###### F.    Last Chance Agreement

In her motion for partial summary judgment [Doc. No. 16], plaintiff argues that the Last Chance Agreement is a _per se_ violation of the Rehabilitation Act because it relieved defendant of its duty to provide a reasonable accommodation and constituted a prospective waiver of rights to such accommodation.  Defendant argues that the violation of the Last Change Agreement constitutes a legitimate, non-discriminatory reason for plaintiff's discharge.  The court agrees with defendant.

If plaintiff establishes a _prima facie_ showing of discrimination, the burden-shifting framework established in _McDonnell Douglas Corp. v. Green_, 411 U.S. 792, 802-03 (1973), for Title VII cases, is applicable under the Rehabilitation Act. _Wishkin v. Potter_, 476 F.3d 180, 185 (3d Cir. 2007).  The employer then has the burden to articulate a legitimate, non-discriminatory reason for the employment action.  _Id_.  If the employer satisfies this burden, the presumption of discrimination raised by the _prima facie_ case is rebutted.  The plaintiff then must produce evidence from which a fact finder could reasonably either disbelieve the employer's articulated legitimate reason or believe that a discriminatory reason was more likely than not a cause of the employer's action.  _Salley_, 160 F. 3d at 981.

Even assuming plaintiff has established a prima facie case
of discrimination, which she has not, defendant has proffered a
legitimate, non-discriminatory reason for the termination -
violation of the Last Chance Agreement.  In her brief, plaintiff
concedes that there is no dispute about the material facts.
Defendant terminated her for violating the Last Chance Agreement,
which forbade the use of alcohol.  Plaintiff has failed to
produce evidence from which a reasonable jury could disbelieve
this legitimate reason.

Further, plaintiff's argument that the Last Chance
Agreement is a per se violation also fails.  A last chance
agreement must be strictly construed.  Golson-El, 812 F. Supp.
at 560 (finding that employee did not show prima facie case under
Rehabilitation Act where she was discharged for failure to meet
terms of last chance agreement entered to accommodate her
alcoholism).  In Golson-El, the court addressed a Last Chance
Agreement and stated:

> [p]laintiff, however, was fired because she
> breached the Last Chance Agreement, not
> because she was an alcoholic. To attribute
> the firing to alcoholism is defective
> reasoning that skips the key step of
> reality, i.e., the prior accommodation to
> alcoholism by the Last Chance Agreement.
> Such defective reasoning would render Last
> Chance Agreements nugatory, because every
> breach could be attributed to a development
> connected to an alcoholic's problems. The
> Last Chance Agreement was a reasonable
> accommodation. Its lines were bright and
> strict. Plaintiff crossed those lines. In

24

> fairness to the employer and other
> alcoholics who will need Last Chance
> Agreements, I will not discourage their use
> by making their terms meaningless.

Id. at 561.

Here, plaintiff's rationale that the Last Chance Agreement is a per se violation of the Rehabilitation Act suffers from similar "defective reasoning." Numerous courts have upheld the validity of last chance agreements under the ADA and Rehabilitation Act. Id.; Longen v. Waterhous Co., 347 F.3d 685, 688-89 (8th Cir. 2003); Lottinger v. Shell Oil Co., 143 F.Supp.2d 743, 767-69 (S.D. Tex. 2001). Accordingly, plaintiff's motion for partial summary judgment is denied.


IV.   CONCLUSION

Because plaintiff has failed to establish a prima facia case of disability discrimination under the Rehabilitation Act, defendant's motion for summary judgment is granted. Plaintiff's motion for partial summary judgment is denied. An appropriate order follows.

25

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TERRI NICHOLSON,              )
                              )
          Plaintiff,          )
                              )
                              )
                              )
     v.                       )   Civil Action No. 06-0814
                              )
WEST PENN ALLEGHENY HEALTH    )
SYSTEM,                       )
                              )
          Defendant.          )


AND NOW, this 22nd day of October, 2007, IT IS HEREBY ORDERED
that defendant's motion for summary judgment [Doc. No. 14] is
GRANTED.  Plaintiff's motion for partial summary judgment [Doc.
No. 16] is DENIED.   The Clerk of Court is directed to mark this
case closed.


                              BY THE COURT:



cc:  All Counsel of Record


26